■ In the Matter of RAFAEL LUGO, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, Respondent. [708 NYS2d 618] —Determination of respondent Police Department, dated November 13, 1998, which revoked petitioner's pistol license with target endorsement, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Phyllis Gangel-Jacob, J.], entered on or about June 2, 1999) dismissed, without costs.

No basis exists to disturb the Hearing Officer's findings discrediting petitioner's testimony that he was on his way to the shooting range when he was allegedly assaulted from behind on the street and robbed of the briefcase that contained his pistol. Rejection of such testimony necessarily requires a finding that petitioner violated 38 RCNY 5-01 (b), which allows target licensees, such as petitioner, to transport their handguns only "to and from an authorized range." Substantial evidence also supports the finding that petitioner, although able to do so

sooner, waited three hours before reporting the alleged theft of his pistol to the police, and thereby violated 38 RCNY 5-22 (b) (1). We have considered and rejected petitioner's argument that the notice suspending his license for "failure to safeguard firearm," together with the notice of hearing stating that the purpose thereof was to examine the "circumstances of incident on [date of the alleged theft of petitioner's firearm]," did not give fair notice that petitioner's license was being revoked for violations of 38 RCNY 5-01 (b) and 5-22 (b) (1) and for lack of the character and fitness to possess a pistol license. Concur—Rosenberger, J. P., Williams, Mazzarelli, Rubin and Friedman, JJ.